446 A.2d 1339

**UNIVERSITY OF DOMINICA, Appellant,**

**v.**

**PENNSYLVANIA COLLEGE OF PODIATRIC MEDICINE.**

Superior Court of Pennsylvania.

Argued Feb. 17, 1982.

Filed June 18, 1982.

William S. Greenawalt, New York City, for appellant.

David N. Hofstein, Philadelphia, for appellee.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal was filed by the Plaintiff-Appellant, the University of Dominica, after the lower court sustained preliminary objections, filed by the Defendant-Appellee, and dismissed the Appellant's Complaint. The lower court's action was based upon its finding of merit the Appellee's contention that the Appellant lacked the capacity to sue in our Commonwealth, as it did not possess a required Certificate of Authority. We can discern no error in the lower court's conclusion.

From our review of the pleadings, it appears that the Appellant is a foreign corporation, organized and existing under and pursuant to the laws of Dominica, one of the Leeward Islands of the West Indies group. It instituted suit in the lower court as an action in assumpsit against the Appellee, the Pennsylvania College of Podiatric Medicine, which is a Pennsylvania corporation. The complaint asserted that the Appellee educational institution had breached an oral promise to provide instruction services to certain of the Appellant's students. We note as particularly significant that the complaint averred that the Appellant "... is registered to do business in the Commonwealth of Pennsylvania."

The Appellant's assertion that it was "registered" to do business in our Commonwealth was challenged in the preliminary objections filed by the Appellee. Maintaining that there was no such "registration", the Appellee argued that the Appellant was therefore not entitled to maintain its action in the courts of our Commonwealth.[1]

█ The record indicates that after the preliminary objections were filed, the Appellant filed an application with the Secretary of State requesting a Certificate of Authority to do business within the Commonwealth. Because the Appellant represented itself as an institution of higher learning, its application was forwarded to the Department of Education. After appropriate consideration, the Secretary of Education declined to extend approval, and the application was denied. The lower court withheld action on the preliminary objections until the application was denied, and thereafter issued its order sustaining the preliminary objections, based upon the factual averments set forth in the pleadings, as well as deposition testimony and other evidence made a part of the record by the parties.[2]

1. The Appellee placed reliance upon the similar provisions of two separate statutes. The Act of May 5, 1933, P.L. 364, art. X, § 1014, as amended, 15 P.S. § 2014, which relates to regular corporations, provides, in pertinent part: "No foreign business corporation transacting business in this Commonwealth without a certificate of authority shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority." The Act of November 15, 1972, No. 271, § 8141, 15 Pa.C.S.A. § 8141, applying to foreign corporations not-for-profit, states in relevant part: "No nonqualified foreign corporation doing business in this Commonwealth within the meaning of Subchapter B of this chapter (relating to qualification) shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority." The Appellee logically asserted that whether the Appellant was a profit or non-profit foreign corporation was not important as it required a Certificate of Authority to maintain suit in either event.

2. The lower court was justified in delaying action on the preliminary objections. It has been held that a foreign business corporation which instituted suit prior to obtaining a Certificate of Authority may nevertheless be permitted to continue such litigation if it becomes properly qualified under the Statute while the case is then still being prosecuted. However, the court may not grant relief or otherwise

We first examine the Appellant's contention that it is not doing business in our Commonwealth, and therefore can maintain this action without a Certificate of Authority to do business from the Department of State. The Appellant only took this position after it failed in its attempt to obtain a Certificate. Initially, we must take cognizance of the Appellant's admission in its answer to the truth of the averment in the Appellee's preliminary objection that: "At all times relevant hereto, plaintiff was and is doing and transacting business in the Commonwealth of Pennsylvania." Further, the deposition testimony of an officer of the Appellant reflected that the Appellant has actively solicited students in Pennsylvania and has maintained a working business relationship with several hospitals in our State. More specifically, some of the Appellant's students have served so-called "clinical rotations" in Pennsylvania hospitals with which the Appellant had established agreements. The Appellant was negotiating with other hospitals in the Commonwealth for clinical rotations and educational services for its students, for which the Appellant would pay the hospitals involved.

The test of whether a corporation is "doing business" in the jurisdiction is a question of fact, to be resolved on a case-by-case basis. *Wenzel v. Morris Distributing Co.*, 439 Pa. 364, 266 A.2d 662 (1970). The Appellant's admssion of that status in its answer to the preliminary objections is clearly binding and cannot be ignored. See *Grubbs v. Dembec*, 241 Pa.Super. 18, 359 A.2d 418 (1976). In light of that and of the other factors noted above, we believe that the facts presented clearly justify the finding by the lower court that the Appellant was "doing business" in our Commonwealth. We therefore reject the Appellant's initial claim of error.

conclude the case in favor of the non-registered plaintiff foreign corporation if it remains non-qualified. Compare *Empire Excavating Company v. Maret Development Corporation*, 370 F.Supp. 824 (W.D. Pa.1974) and *International Inventors Incorporated, East v. Berger*, 242 Pa.Super. 265, 363 A.2d 1262 (1976).

■ It is also argued that the Appellant will be deprived of its right to due process of law, and interstate commerce will be unduly burdened if it is denied access to our Pennsylvania courts for this action. We can dispose of these contentions without extensive analysis. The Supreme Court of the United States has long held that an individual state may require registration and impose reasonable regulations on foreign corporations, doing business within its jurisdiction, without violating Constitutional principles. *Paul v. Virginia*, 75 U.S. (8 Wall.) 168, 19 L.Ed. 357 (1868). Moreover, the Court has upheld the denial of access to a state court by a foreign corporation, engaged in business within the state, which had failed to obtain the required qualification from the state's appropriate authorizing agency. See *Eli Lilly & Co. v. Sav-on Drugs, Inc.*, 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288 (1961); *Union Brokerage Co. v. Jensen*, 322 U.S. 202, 64 S.Ct. 967, 88 L.Ed. 1227 (1944). These holdings are controlling and we therefore reject the Appellant's arguments as to Constitutionality.

The order of the lower court is affirmed.