WHITE–EVANS MANUFACTURERS, INC., Plaintiff,

v.

ELEVATOR SALES & SERVICE, Defendant,

v.

ELEVATOR SYSTEMS, INC., Third-Party Defendant.

Civ. A. No. 80–2280.

United States District Court, E. D. Pennsylvania.

July 16, 1982.

---

Sol H. Weiss, Anapol, Schwartz & Weiss, Philadelphia, Pa., for plaintiff.

Barry S. Lyons, Philadelphia, Pa., for Elevator Sales & Service.

Henry B. Fitzpatrick, Jr., Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for Elevator Systems, Inc.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this diversity action, plaintiff White-Evans Manufacturers, Inc. ("White-Evans"), an Indiana corporation, filed a complaint with this Court against Elevator Sales & Service, Inc. ("Sales & Service"), a Pennsylvania corporation, alleging that Sales & Service had failed to pay the full contract price for certain elevators shipped to them by White-Evans. Sales & Service counterclaimed, alleging that White-Evans had failed to deliver the elevators by the agreed upon dates resulting in lost profits and other damages. White-Evans as defendant on the counterclaim filed a third-party complaint against Elevator Systems, Inc. ("Elevator Systems"), a New York corporation, claiming that any delay in the delivery of elevators by White-Evans to Sales & Service was the result of late deliveries of component parts by Elevator Systems to White-Evans. Elevator Systems has now moved to dismiss this third-party complaint for lack of personal jurisdiction averring that Elevator Systems lacks the sufficient contacts with Pennsylvania to justify suit in a Pennsylvania court. For the reasons hereinafter set forth, the Court will deny Elevator Systems' motion to dismiss.

Service of process on Elevator Systems was made pursuant to the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5301 *et seq.* as authorized by Rule 4(e) of the Federal Rules of Civil Procedure. Therefore, Elevator Systems' motion to dismiss for lack of personal jurisdiction must be considered pursuant to the Pennsylvania long-arm statute, *Strick Corporation v. A.J.F. Warehouse Distributors, Inc.*, 532 F.Supp. 951 (E.D.Pa.1982) at 953, bearing in mind that any exercise of personal jurisdiction is subject to the restrictions of the due process clause of the Constitution.

The Pennsylvania long-arm statute provides for two procedures by which a nonresident corporation may become subject to the jurisdiction of this Court. 42 Pa.C.S.A. § 5301 provides in pertinent part:

(a) General rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, ... and to enable such tribunals to render personal orders against such person ...:

(2) Corporations.—

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

(b) Scope of jurisdiction.—When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section....

42 Pa.C.S.A. § 5322 provides in pertinent part:

(a) General rule.—A tribunal of this Commonwealth may exercise jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such persons:

(1) Transacting any business in this Commonwealth.

(b) Exercise of full constitutional power over nonresidents.—In addition to the provisions of subsection (2) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

(c) Scope of jurisdiction.—When jurisdiction over a person is based solely upon this section, only a cause of action or other matter arising from acts enumerated in subsection (a), or from acts forming the basis of jurisdiction under subsection (b), may be asserted against him.[1]

The fundamental difference between these sections of the Pennsylvania long-arm statute, as far as this case is concerned, is that § 5322 requires that the cause of action arise from the non-resident defendant's contact with the state, whereas § 5301 makes no demands that the cause of action be related to the activities of a defendant within the state so long as that person meets the requirements of the section. The demands of § 5301 are, however, more stringent than those of § 5322. Under § 5301(a)(2)(iii), a corporation must maintain "a continuous and systematic part of its general business" in Pennsylvania in order to justify jurisdiction by a Pennsylvania court. Section 5322, on the other hand, merely requires that a corporation transact some business in Pennsylvania or have some other contact as defined in § 5322(a) or (b). As Judge Pollak stated in his analysis of these sections, the difference is "that the

scrutiny of whether an exercise of jurisdiction is fair and reasonable must be more demanding when the cause of action does not arise from the defendant's activities in the forum state." *Strick Corp., supra* at 955.

Elevator Systems maintains here, without contest, that its activities in Pennsylvania are unrelated to the present action. White-Evans contracted to supply Sales & Service with elevator equipment at various job sites, one of which was in Pennsylvania. Because of the alleged tardiness by Elevator Systems in shipping elevator controllers to White-Evans, White-Evans failed to deliver its equipment to the job sites on time and actually did not deliver any equipment to the Pennsylvania site at all. As Elevator Systems shipped its controllers to White-Evans in Indiana, Elevator Systems was not conducting business in Pennsylvania in connection with the transaction at issue in this case. Therefore, jurisdiction over Elevator Systems cannot be supported pursuant to § 5322.

The Court must determine now whether jurisdiction may be asserted pursuant to § 5301(a)(2)(iii). Elevator Systems is a New York corporation whose principle place of business is Inwood, New York. Elevator Systems owns no property in Pennsylvania, maintains no offices in Pennsylvania, has no employees in Pennsylvania, and does not directly solicit business in Pennsylvania. Elevator Systems does, however, ship goods in to Pennsylvania f. o. b. when orders are received at its New York office. Two uncontested affidavits show further that Elevator Systems supplies Cemco, Inc., a Pennsylvania corporation located in Ivyland, Pennsylvania, with elevator controllers and that this business is "continuous" and "substantial." The Court finds this activity sufficient to extend personal jurisdiction over Elevator Systems in this action.

---

1. "Person" is defined in § 5301 as including individuals, corporations and partnerships, therefore these groups are within the scope of § 5322. *Lighting Systems, Inc. v. International Merchandising Associates, Inc.*, 464 F.Supp. 601, 604 (W.D.Pa.1979); *see also Novinger v. E. I. DuPont deNemours & Co., Inc.*, 89 F.R.D. 588 (M.D.Pa.1981), *Jacobs v. Lakewood Aircraft Service, Inc.*, 493 F.Supp. 46 (E.D.Pa. 1980).

The shipping of goods into Pennsylvania upon receipt of orders is in itself a systematic method of conducting business, in that it follows a system or orderly procedure in distributing goods. Elevator Systems, by its own admission, engages in such systematic activity. Elevator Systems also does not dispute the allegation in the affidavits provided by White-Evans that it engages in "continuous" and "substantial" dealings with a Pennsylvania corporation. There being no evidence that any of these transactions within Pennsylvania are merely sporadic or isolated, the Court determines that Elevator Systems does engage in continuous, systematic, and substantial activities in this state.[2] Therefore, personal jurisdiction over Elevator Systems is warranted under § 5301(a)(2)(iii). It would not be fundamentally unfair or unreasonable for a non-resident corporation with such contacts with Pennsylvania to appear before this Court.[3] Indeed, fairness would dictate that Elevator Systems join in this action so that all claims and counterclaims among the three parties be resolved in a single trial. The motion to dismiss the third-party complaint shall therefore be denied, and an appropriate order will be accordingly entered.

2. The plaintiff bears the ultimate burden of persuasion to show that a non-resident defendant's activities in the forum state are sufficient to bring him within the reach of the court's jurisdiction when the defendant challenges that jurisdiction. This burden may be met by providing appropriate affidavits or documents. *Holler v. E–J Manufacturing Co., Inc.*, No. 80–1918 (E.D.Pa. March 1, 1982), at 3–4. The Court believes that White-Evans has satisfied its burden by providing two uncontested affidavits alleging Elevator Systems' transactions with Cemco, Inc. to be "continuous" and "substantial." Elevator Systems had every opportunity to refute this allegation with proper documents or affidavits. Indeed, Elevator Systems failed even to supply evidence that its practice of shipping goods into Pennsylvania, an activity to which it readily admits, was of only a sporadic nature rather than one that is continuous and substantial.

3. The due process clause of the Constitution is satisfied when jurisdiction is exercised by a Pennsylvania court over a non-resident corporation that conducts a continuous and systematic part of its general business in Pennsylvania even though a cause of action does not arise from that particular business. As the Supreme Court explained in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), "there have been instances in which the continuous corporate operations within a state were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from these activities." 326 U.S. at 318, 66 S.Ct. at 159. *See also Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).