**Teresa L. ESTORIL and Jimmieteena Estoril**

v.

**Teresa D. BROWN.**

**Civ. A. No. 82–2248.**

United States District Court,
E.D. Pennsylvania.

Feb. 3, 1983.

Peter S. Kretzu, Philadelphia, Pa., for plaintiffs.

Richard P.S. Hannum, Kennett Square, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is a diversity action for personal injuries brought by the plaintiffs, residents of Pennsylvania, who were injured as a result of being struck by defendant's automobile in the state of Delaware. Defendant, a resident of Delaware, has filed a motion asking this Court to dismiss this case for lack of personal jurisdiction. For the reasons hereinafter set forth, defendant's motion will be granted.

The uncontradicted record in this case establishes that service of plaintiffs' complaint was made by certified mail at defendant's residence in Delaware, and that she is a resident and citizen of Delaware. Plaintiffs have not averred that defendant has frequent, continuous, or substantial contact with Pennsylvania. Plaintiffs' sole basis for asserting that this Court has personal jurisdiction over the defendant is their contention that personal jurisdiction exists on the basis of the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5322(a)(4). Section 5322(a)(4) provides that the Court may exercise personal jurisdiction over a person who has caused "harm or tortious injury in this Commonwealth by an act or omission occurring outside this Commonwealth."

A plaintiff seeking to assert personal jurisdiction over a non-resident defendant bears the burden of persuasion to show that a non-resident defendant's activities in or contacts with the forum state are sufficient to bring him within the reach of the court's jurisdiction when the defendant challenges that jurisdiction. *See White-Evans Mfrs., Inc. v. Elevator Sales & Service,* 543 F.Supp. 398, 400 n. 2 (E.D.Pa.1982); *Holler v. E-J Manufacturing Co., Inc.,* 557 F.Supp. 6 (E.D.Pa.1982).

As heretofore noted, the subject matter jurisdiction of this Court in this case is founded upon diversity of citizenship (28 U.S.C. § 1332). A federal court sitting in diversity will apply the law of the forum state in order to determine whether personal jurisdiction exists. *See* Fed.R.Civ.P. 4(e). *Van Naarden v. Grassi,* 488 F.Supp. 720 (E.D.Pa.1980). However, the reach of the Pennsylvania long-arm jurisdiction statute is limited by the due process clause of the Constitution. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir.1981). Thus, if Pennsylvania's long-arm statute provides a basis for personal jurisdiction over the defendant, this Court may exercise such jurisdiction so long as the defendant has certain "minimum contacts" with Pennsylvania such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe, supra,* 326 U.S. at 316, 66 S.Ct. at 158.

There exist essentially two procedures under the Pennsylvania long-arm statute, 42 Pa.C.S.A. § 5301 *et seq.,* by which a non-resident may become subject to the jurisdiction of this Court. 42 Pa.C.S.A. § 5301 provides that jurisdiction may be exercised over a non-resident who either consents to jurisdiction, is present in the state at the time when process is served, or is a Pennsylvania domiciliary (42 Pa.C.S.A. § 5301(a)(1)(iii)). Jurisdiction pursuant to this section may be asserted even though the cause of action does not arise from the defendant's forum activities (§ 5301(b)). Plaintiffs do not argue that this section of the long-arm statute is applicable in this case.

In addition to the method of asserting personal jurisdiction provided pursuant to § 5301, § 5322 also provides various additional bases for asserting personal jurisdiction over a non-resident defendant. In this case, plaintiff relies on § 5322(a)(4) which provides that jurisdiction may be exercised over a person "who acts directly or by an agent as to a cause of action or other matter arising from such person . . . [c]ausing harm or tortious injury by an act or omission outside this Commonwealth." (42 Pa. C.S.A. § 5322(a)(4)). Section 5322(b) provides that personal jurisdiction may be

based "upon the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Section 5322(c) states, however, that the exercise of personal jurisdiction pursuant to this section is limited to causes of action which arise from the Pennsylvania contacts upon which the personal jurisdiction has been based.

■ Section 5322(a)(4) is clearly inapplicable as a basis for personal jurisdiction in this case since the "harm or tortious injury" alleged occurred in Delaware and not in Pennsylvania.

The plaintiff contends that, although the automobile accident happened in Delaware, it caused harm or tortious injury by an act or omission outside the Commonwealth in that the automobile accident in Delaware caused the plaintiff to suffer harm and injury in the Commonwealth. Such an interpretation of § 5322(a)(4) is clearly not within the meaning of the statute. Furthermore, such an interpretation of § 5322(a)(4) would fly in the face of *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), in that there is no basis on which to find the minimum contacts as required by the due process clause of the Constitution of the United States.

■ As stated by Judge Gibbons in *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir. 1981), "When personal jurisdiction over a nonresident defendant is asserted on a basis other than consent, physical presence, or doing business, the claim must arise from a specific forum-act." There is no forum-related act which can serve as a basis for personal jurisdiction in this case. The plaintiff's lawsuit is based on an act (the automobile collision) that is not related to the forum state.

For the reasons heretofore stated, this court does not have personal jurisdiction over the defendant. The Court will therefore enter an Order granting defendant's motion and dismissing this action for lack of personal jurisdiction.