**WEBB RESEARCH CORP.**

v.

**ROCKLAND INDUSTRIES, INC.**

### Civ. A. No. 83–1161.

United States District Court,
E.D. Pennsylvania.

Dec. 2, 1983.

---

S. David Fineman, Philadelphia, Pa., for plaintiff.

Nancy E. Paige, Baltimore, Md., Philip G. Kircher, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

In this diversity action, the plaintiff, Webb Research Corp., a Pennsylvania corporation, seeks to recover for the alleged breach of contract for the purchase of a machine to pleat fabric. The defendant, Rockland Industries, Inc., a Maryland cor-

poration, has moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. In the alternative, the defendant seeks a transfer of this action to the District of Maryland. The plaintiff contends that this Court does have jurisdiction over the defendant and that service was properly made pursuant to Fed.R.Civ.P. 4(e) and the Pennsylvania long-arm statute, 42 Pa.C.S.A. §§ 5301–08, 5321–22. The plaintiff also asserts that venue is proper in this district and that the defendant has not carried its burden of showing that a transfer of venue would serve the convenience of the parties and witnesses and the interests of justice. For the reasons which follow, the defendant's motion will be denied, and the plaintiff will be granted leave to amend the complaint to allege compliance with contractual conditions precedent to its entitlement to relief.

The defendant's motion is based upon an affidavit of its Chairman of the Board, Alexander Leaderman. The affidavit states that the defendant does not do and is not authorized to do business in Pennsylvania, and maintains no office, bank account, mailing address, telephone listing, or other business facility in Pennsylvania. It states further that the machine at issue is in Maryland, as are witnesses to its performance and other evidence relating to the instant action.

The plaintiff has responded with affidavits from its President, Gary Carlson, and Vice-President, Steven Krupnick. These affidavits allege that Mr. Leaderman made an unsolicited visit to the plaintiff's office in Philadelphia to determine if the plaintiff could produce a machine to specifications that he had in mind, and made at least ten subsequent visits to discuss the construction of the machine and its prototype and to inspect and test the machine. The affidavits state that all of the negotiations in connection with the development and construction of the machine took place at the plaintiff's facilities in Philadelphia, and that during the period of construction, in addition to his visits, Mr. Leaderman made numerous telephone calls to Philadelphia to discuss the progress of construction. The plaintiff's affidavits state that the contract at issue in the case was prepared in Philadelphia, and that handwritten changes and/or additions to the contract were made in Philadelphia by the parties. The plaintiffs also state that the defendant is "known to do business" in Pennsylvania apart from this transaction and that Mr. Leaderman made phone calls and visits to Philadelphia area customers on the occasions he visited the plaintiff's facilities in Philadelphia. The plaintiff lists ten Pennsylvania companies with which the defendant has done or is doing business. Finally, the plaintiff's affidavits state that the witnesses, equipment, records, and documents which the plaintiff will use at trial are all located in Philadelphia and that it will be a great inconvenience to the plaintiff, a small corporation, if its officers and employees must go to Maryland to present evidence in the case. The defendant has not responded to the plaintiff's affidavits.

When personal jurisdiction is asserted over a non-resident defendant on bases other than consent or general presence personally or by an agent, the Court must first determine whether the claim or cause of action arises from the defendant's forum-related activities or non-forum-related activities, focusing on the relationship of the transaction giving rise to the lawsuit to the forum where the plaintiff seeks to litigate it. *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 588 (3d Cir.1982). Jurisdiction over causes of action arising from contacts within Pennsylvania may be maintained, pursuant to 42 Pa.C.S.A. § 5322(b), "based on the most minimum contact with this commonwealth allowed under the Constitution of the United States." Since this breach of contract action arises out of the defendant's forum-related activity, this Court must determine whether the defendant's contacts with this forum fulfill the Constitutional requirements so that it may be properly subjected to suit here. The plaintiff bears the burden of showing that these contacts are sufficient. *Estoril v. Brown*,

556 F.Supp. 153 (E.D.Pa.1983). The defendant's acts within the forum state must be shown to be substantial enough to make the exercise of jurisdiction over it reasonable; put another way, the defendant's conduct and connection with Pennsylvania must be such that "he should reasonably anticipate being haled into court" here. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Judge Pollak has recently discussed the requirements for asserting jurisdiction over a non-resident defendant who has purchased goods from a resident plaintiff pursuant to a contract under which the plaintiff seeks recovery, and we find his analysis helpful and persuasive. Judge Pollak identified four factors which should be considered in gauging the weight of the defendant's act in entering into the contract and the extent to which he may have been able to anticipate suit in the forum: (1) the character of the pre-contract negotiations; (2) the location of those negotiations; (3) the terms of the sales agreement; and (4) the type of goods sold. Evaluation of these factors helps "place a particular defendant at the appropriate point along a scale running from virtually no forum contacts except for the passive purchase of relatively simple items to more explicit forum contacts in which the sale of complex industrial equipment is initiated by the defendant." *Strick Corporation v. A. J. F. Warehouse Distributors, Inc.,* 532 F.Supp. 951, 958 (E.D.Pa.1982).

█ In the present case there is no question that the defendant's contacts with this forum are sufficient to make the exercise of jurisdiction over it fair and reasonable. The defendant initiated the sale and was actively involved in supervising the development and production of the machine, and in negotiating the contract. The machine appears to be a sophisticated one, built in accordance with the defendant's specifications. All of these acts of the defendant took place within this district, and the Chairman of the Board of the defendant made frequent trips to this district in connection with the purchase. The defendant certainly knew that breach of the contract would affect a Pennsylvania party and could have foreseen that it would have some effect on the commerce of Pennsylvania.

█ Paragraph 13 of the contract, entitled "Controlling Law", states that the contract is to be deemed to have been made in Maryland and governed by Maryland and United States federal law, and also states that the parties "submit to the jurisdiction of the state and federal Courts of Maryland." Such a provision is a factor to be considered in determining whether jurisdiction is proper in this district, but it is not determinative. *Baron & Co. v. Bank of New Jersey,* 497 F.Supp. 534, 538 (E.D.Pa. 1980). In light of the strength of the defendant's contacts with this district and the fact that this clause does not purport to give exclusive jurisdiction over contract disputes to the courts of Maryland, this Court does not believe that paragraph 13 of the contract makes jurisdiction in this Court improper. *See Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 758 n. 7 (3d Cir.1973). For the above reasons, the Court holds that it may assert personal jurisdiction over the defendant in this action, and that service of the defendant was properly made pursuant to Fed.R.Civ.P. 4(e). *See American Tempering, Inc. v. Inland Architectural Products,* No. 83–2248, slip op. at 3–7 (E.D.Pa. November 29, 1983) (similar question, same result).

The defendant's contention that under 28 U.S.C. § 1391(c) venue for a suit against a corporation is proper only where the defendant corporation is incorporated, licensed to do business or doing business is plainly incorrect. Since this is a diversity case, venue is proper in this district because the plaintiff "resides" here. 28 U.S.C. § 1391(a). Section 1391(c) "does not impose venue requirements more restrictive than the alternative bases set forth in section 1391(a); instead, it simply provides an expanded definition of a corporate defendant's 'residence' which may be relied upon when venue is sought to be established on the basis of the residence of all defendants under section 1391(a)." *Strick,* 532 F.Supp. at 961.

■ The defendant's motion in the alternative to transfer this action to the District of Maryland will also be denied. The Court's discretion in transfer matters must be exercised with the recognition that the plaintiff's choice of forum should not be lightly disturbed, the burden being on the party moving for transfer to establish that the balance of convenience of the parties and witnesses weighs strongly in favor of transfer. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). The movant also has the obligation in this Circuit to do more than simply aver generally that the convenience of witnesses will be served by a transfer; he must "clearly specify the key witnesses to be called and make a general statement of what their testimony will cover," in order to enable the Court to exercise its discretion in an informed manner. *Reyno v. Piper Aircraft*, 630 F.2d 149, 160–61 (3d Cir.1980), *rev'd on other grounds*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *See Plum Tree, Inc. v. Stockment*, 488 F.2d at 757 n. 2. The defendant has failed to make the required showing. Further, in light of the plaintiff's affidavits, it appears that many operative facts occurred in this district and that transfer would merely shift any burden of inconvenience rather than serving the convenience of the witnesses and parties.

■ Finally, the defendant urges that the complaint be dismissed because the plaintiff has failed to allege the performance of certain conditions necessary to its right to recover. The plaintiff has responded by seeking leave to amend the complaint if this Court determines that the complaint is insufficient. Fed.R.Civ.P. 9(c) states that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." The plaintiff has not made the general allegations which appear to be contemplated by Rule 9(c). The plaintiff's motion for leave to amend the complaint to conform with Rule 9(c) will be granted, since the request has been made in a timely fashion. The defendant has not stated that allowing such an amendment will prejudice it; nor can the Court perceive any such prejudice.

An order follows.

## ORDER

AND NOW, this 2nd day of December, 1983, upon consideration of the defendant's motion to dismiss the complaint, or, in the alternative, to transfer venue to the District of Maryland, and the plaintiff's response thereto, and of the plaintiff's motion for leave to amend the complaint to comply with Rule 9(c) of the Federal Rules of Civil Procedure, for the reasons stated in this Court's Memorandum of December 2, 1983,

IT IS HEREBY ORDERED:

1. The defendant's motion to dismiss the complaint is DENIED.

2. The defendant's motion to transfer venue to the District of Maryland is DENIED.

3. The plaintiff's motion for leave to amend the complaint to comply with Rule 9(c) of the Federal Rules of Civil Procedure is GRANTED, and the plaintiff shall have ten (10) days from the date of this Order to file such an amended complaint.