## Horsemen's Benevolent & Protection Assn. v. Atwood

*Robert J. Wire, Jr.,* for plaintiffs.
*John C. Uhler,* for defendants.

BUCKINGHAM, *J.,* August 14, 1984—Plaintiffs, M. R. Bowman (Bowman) and Horsemen's Benevolent and Protective Association (HBPA), have filed a complaint against defendants for defamation of character. The complaint alleges that the above captioned defendants published or caused to be published "Racing Digest" publications containing various articles which are allegedly defamatory to plaintiffs. These publications were mailed to members of the HBPA in both Pennsylvania and New York and are alleged to have been published willfully, maliciously and intentionally and with the intent of hurting the reputation of plaintiffs. Defendant Atwood is publisher of "Racing Digest" and defendant Sturgeon is author of one of the articles alleged to be defamatory to plaintiffs.

Defendants Atwood and Racing Digest Publishing Co. have filed preliminary objections to plaintiffs' complaint including (1) lack of capacity to sue, (2) failure to state a cause of action, and (3) a motion for a more specific pleading.

First, defendants contend that plaintiff herein, known as "Horsemen's Benevolent and Protective Association (Pennsylvania Division)," is not registered to conduct business within this Commonwealth and therefore lacks the capacity to sue in that no foreign nonprofit corporation transacting business in Pennsylvania may bring an action in any of the Commonwealth's courts without an appropriate certificate of authority. Defendants base their proposition on 15 Pa. C.S. §8141 which provides:

"Penalty for business without certificate of authority

(a) Right to bring actions suspended. No non-qualified foreign corporation doing business in this Commonwealth within the meaning of Subchapter B of this chapter (relating to qualifications) shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority. Nor, except as provided in subsection (b) of this section, shall any action be maintained in any court of this Commonwealth by any successor or assignee of such corporation on any right, claim or demand arising out of the doing of business by such corporation in this Commonwealth until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets. The failure of a foreign corporation to obtain a certificate of authority to transact business in this Commonwealth shall not impair the validity of any contract or act of such corporation and shall not prevent such corporation from defending any action in any court of this Commonwealth."

Plaintiffs contend that the HBPA is registered as a nonprofit corporation within Pennsylvania in that it is associated with the national HBPA, chartered in Kentucky, and registered to do business in Pennsylvania. We do not agree.

The statutory language is clear. No foreign nonprofit corporation transacting business in this Commonwealth may bring an action in any of the Commonwealth's courts without a certificate of authority. The record indicates that the named plaintiff herein, "Horsemen's Benevolent and Protective Association (Pennsylvania Division)," is not registered pursuant to the requirements of the Corporation Not-For-Profit Code, 15 Pa. C.S. §7101 et seq.

There is nothing in Article C, sections 8101 to 8145, which specifically applies to foreign corporations not-for-profit, that would lead us to believe that divisions, branches, etc. need not register. As such, plaintiff, Horsemen's Benevolent and Protective Association (Pennsylvania Division) is precluded from bringing this action until proper registration is completed.

Parenthetically, we note that defendants have asserted, in the alternative, that the Fictitious Names Act, 54 Pa. C.S. §301 et seq., also requires the named plaintiff to register its name or be prohibited from maintaining "any action in any tribunal." However, the act specifically excludes non-profit activities from its scope. See, 54 Pa. C.S. §303(b)(2)(i).

In light of our discussion, we shall sustain defendants' objection raising the issue of lack of capacity to sue. Since we cannot grant relief or otherwise conclude the case in favor of the HBPA while it remains non-qualified, we shall defer ruling on defendants' other objections until plaintiff, HBPA, properly registers pursuant to the requirements of 15 Pa. C.S. §7101 et seq. See, University of Dominica v. Pennsylvania College of Podiatric Medicine, 301 Pa. Super. 68, 446 A.2d 1339 (1982).

An order will be entered in consonance with this opinion.

## ORDER

And now, this August 14, 1984, defendants' Atwood and Racing Digest Publishing Co., Inc., preliminary objection to the complaint raising the issue of lack of capacity to sue, is sustained.

An exception is granted plaintiffs.