Ben McEnteer, Secretary, Department of Banking et al., Plaintiffs *v.* Temple Premium Finance Company et al., Defendants.

Argued December 12, 1984, before Judges WILLIAMS, JR. and BARRY and Senior Judge BLATT, sitting as a panel of three.

*Ellis M. Saull,* Deputy Attorney General, with him, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, *Maura A. Johnson,* Deputy Attorney General, *Paul A. Adams,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for plaintiffs.

*Malcolm H. Waldron, Jr.,* for defendants.

OPINION BY JUDGE WILLIAMS, JR., January 29, 1985:

On June 27, 1984, the Secretary of the Pennsylvania Department of Banking and the State Attorney General (hereinafter "Plaintiffs") commenced an action asserting violations of state banking regulations against Temple Premium Finance Company (Temple), Temple Insurance Agency and Burton Sheldon Rosenfield, president of both companies. Temple Insurance Agency and Rosenfield filed answers to the complaint. However, Temple Premium Finance Company filed preliminary objections asserting lack of personal jurisdiction and a failure by plaintiffs to make proper service of process. This opinion and order constitutes our disposition of Temple's preliminary objections.

With respect to its claim that this court does not have jurisdiction over it, Temple asserts that it is a New Jersey corporation, conducts all of its business in the State of New Jersey, and conducts no business in Pennsylvania. It therefore argues that it has in-

sufficient contact with Pennsylvania to afford this court jurisdiction over this matter. Plaintiffs, on the other hand, contend that Temple's assertions regarding its lack of contact with Pennsylvania are not credible[1], and that, even assuming the veracity of allegations made in Temple's preliminary objections and Rosenfield's answer to the complaint, a sufficient nexus is shown to afford jurisdiction. Specifically, plaintiffs cite the following allegations contained in the preliminary objections and Rosenfield's answer:

1. Temple Premium Finance Company makes loans to Pennsylvania residents. [Rosenfield's Answer]

2. Checks representing the loans are sent into Pennsylvania from New Jersey [Preliminary Objections]

3. In the approximately 20 Pennsylvania offices of the insurance agency, employees or officers of the Finance Company or Insurance Agency interview Pennsylvania residents who wish to purchase automobile insurance. [Rosenfield's Answer]

4. In Pennsylvania, said persons assist the individuals in performing the paper work required to obtain the secured loan, which paper work is then forwarded on behalf of the individuals, to the Finance Company in New Jersey, which Finance Company, if the application

---

[1] While Temple asserts in its preliminary objections that it does business only in New Jersey, documents which were allegedly filed by Temple officers with the New Jersey Department of Banking certify that Temple did not transact any business in New Jersey during years 1979, 1981, 1982 and 1983. Furthermore, plaintiffs assert that documents on file with the Pennsylvania Corporation Bureau indicate that Temple merged with Temple Insurance Agency, a Pennsylvania corporation, on July 3, 1975.

materials are accepted, issue a loan payable to the individual or an assignee, which payment is made to the individual or assignee in the State of New Jersey. [Rosenfield's Answer]

5. Whatever office defendant claims to have in New Jersey is or was in Camden, New Jersey. [Preliminary Objections]

6. Defendant Rosenfield is President and Director of both the Finance Company and the Insurance Agency. The Insurance Agency has its place of business at 2202 Walnut Street, Philadelphia, Pennsylvania. [Rosenfield's Answer]

Plaintiffs contend that, accepting Temple's and Rosenfield's allegations as true, sufficient nexus to Pennsylvania is shown. We agree.

The question of jurisdiction of Pennsylvania courts over corporations of another state is governed by the Uniform Interstate and International Procedure Act, 42 Pa. C.S.A. §§5321-5322. Under §5322 of this statute:

A tribunal of this Commonwealth may exercise jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(i) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(ii)   The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

. . .

(iv)   The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth.

(2)   Contracting to supply services or things in this Commonwealth.

Under this statute, it is not required that a corporation maintain offices or employ agents within Pennsylvania in order to be deemed to be "doing business" in the state.  In *University of Dominica v. Pennsylvania College of Podiatric Medicine,* 301 Pa. Superior Ct. 68, 446 A.2d 1339 (1982), it was sufficient that the foreign corporation had actively solicited students in Pennsylvania and maintained a working business relationship with hospitals within the state. Furthermore, in *White-Evans v. Elevator Sales and Service,* 543 F. Supp. 398, 400 (E.D. Pa. 1982), personal jurisdiction over a New York corporation was found where the corporation's only connection with Pennsylvania was a pattern of shipping goods into Pennsylvania when orders were received at its New York office, and supplying a Pennsylvania corporation with elevator controllers.  There is no question that Temple's connection to Pennsylvania, by virtue of its continuous and substantial pattern of taking loan applications through a Pennsylvania corporation and making loans to Pennsylvania residents, is sufficient to expose it to personal jurisdiction in this court.

Temple also contends that plaintiffs failed to make proper service in that the complaint was served on it

254

at the principal office of Temple Insurance Agency, located at 2202 Walnut Street in Philadelphia, rather than on its registered agent for service of process, located in Williamstown, New Jersey. We need not address this objection since, after the filing of Temple's preliminary objections, plaintiffs served a second copy of the complaint on Temple's registered agent. As this service was completed in a manner and within a time frame prescribed by Pa. R.C.P. 2180, Temple's objection due to lack of proper service is now moot.

Accordingly, Temple's preliminary objections are overruled.

ORDER

AND Now, this 29th day of January, 1985, the preliminary objections of Temple Premium Finance Company are overruled.